UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-60921-CIV-GAYLES/SELTZER

ZOILA RODRIGUEZ,

    Plaintiff,

v.

RMK WORLD WIDE INC, a
Florida Corporation, d/b/a LOGOTASTIC
SCREEN PRINTING & EMBROIDERY, and
ROBERT KNOBEL, an individual, jointly
and severally,

    Defendants,
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Robert S. Norell, P.A.'s Verified Motion for Award of Attorney's Fees and Reasonable Expenses of Litigation ("Motion") (DE 31). The Motion was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida (DE 32). For the reasons set forth below, the undersigned RECOMMENDS that the Motion be GRANTED in part.

I.    BACKGROUND

On May 9, 2017, Plaintiff Zoila Rodriguez (an hourly wage embroiderer) brought this action against her former employers, RMK World Wide Inc, d/b/a Logotastic Screen Printing & Embroidery and Robert Knobel, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. seeking to recover unpaid overtime compensation and liquidated damages and attorney's fees and costs (DE 1). Plaintiff did not allege the amount of

unpaid overtime in the Complaint.

On August 10, 2017, Defendants filed an Answer and Affirmative Defenses to the Complaint (DE 12). The litigation proceeded to discovery. Following the depositions of Robert and Dawn Knobel, Plaintiff filed a Motion for Summary Judgment (DE 21). In Support of the Motion, Plaintiff filed a Declaration, in which she claimed unpaid overtime wages of $3,133.74 (DE 21-6 ¶ 12). Plaintiff claims that she was not paid overtime wages from January 2014 through March 2017 (DE 22 ¶¶ 53, 54).

On April 18, 2018, the District Judge conducted a Status Conference at which the parties advised the Court that the case would be settled. Based on the parties' representations, the District Judge entered an Order closing the case and directing the parties to file a Joint Status Report by April 30, 2018 (DE 25). Plaintiff filed three status reports, which culminated in the filing of an Unopposed Motion to Approve Settlement on May 30, 2018 (DE 29). The settlement amount was $6,267.48, which represented the unpaid overtime wages of $3,133.74 and liquidated damages in an equal amount, which Defendants paid (DE 29 ¶ 10). The motion requested that the District Judge approve the settlement, deem Plaintiff to be the prevailing party, and reserve jurisdiction to award reasonable attorney's fees and litigation expenses (DE 29). On June 14, 2018, the District Judge granted the motion (DE 30).

On August 9, 2018, Plaintiff's counsel filed the instant Verified Motion for Attorney's Fees and Reasonable Expenses of Litigation (DE 31). The District Judge thereafter referred the Motion to the undersigned for a Report and Recommendation (DE 32). Defendants filed their Objection to the Motion (DE 33), and Plaintiff filed her Response (DE 34). The Motion is now ripe for decision.

2

II.     THE MOTION AND OBJECTION

The FLSA mandates an award of attorney's fees to a prevailing party pursuant to 29 U.S.C. § 216(b).  Following approval of the settlement, Plaintiff's counsel, Robert S. Norell, P.A., filed the instant Motion seeking an award of attorney's fees and litigation costs (DE 31).  Attorney Norell seeks attorney's fees of $34,212.50 (80.5 hours @ $425.00 per hour), paralegal fees of $520.00 (6.5 hours @ $80.00 per hour), and litigation costs of $1,491.10 (DE 31, 31-1 and 31-2), for a total of $36,223.60 (DE 31 ¶ 25).

In their Objection to the Motion, Defendants concede that Plaintiff is entitled to attorney's fees and costs, and they do not object to the amount of costs requested; they do, however, argue generally that the fees being sought are excessive.  According to Defendants, the requested rate represents "a premium hourly rate for this area of practice," and the billing methodology was "value billing" or "block or unit billing," which creates a "multiple of the true value of the service provided."  Yet, Defendants make no specific objections or recommendations as to the appropriate reductions, beyond concluding that the form of the invoice was "designed to pad or overstate a legal invoice to be charged to an employer in an FLSA matter."  They ask that "the legal invoice . . . be adjusted accordingly" (DE 33).  In Response, Plaintiff argues that the Objection be rejected on both procedural and substantive grounds, including non-compliance with Local Rule 7.3(b) for failing to object to the fee request with particularity (DE 34).

In reviewing the Motion, the undersigned remains mindful of the admonition that "[i]n awarding attorney's fees, '[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.'"  Roldan v. Pure Air

3

Solutions, Inc., 2010 WL 410571, at *3 (S.D. Fla. Jan. 29, 2010) (quoting ACLU of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999)).  The undersigned, therefore, has conducted an independent analysis of the fee request and exercised independent judgment as to the appropriate fee award.  Following a careful review of the record, the undersigned RECOMMENDS that the Motion be GRANTED in part.

III.   ANALYSIS

Plaintiff seeks attorney's fees and costs incurred during the course of this litigation. More specifically, Plaintiff seeks fees in the amount of $34,732.50 and costs of $1,491.10 for a total award of $35,223.60.

Entitlement to attorney's fees and costs are mandated by 29 U.S.C. § 216(b), which provides that "[t]he court . . . shall in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  Because Defendants agree that Plaintiff is entitled to attorney's fees and costs (DE 29, DE 31 ¶ 10, DE 33 ¶ 1), and because Defendants do not contest the amount of costs that she seeks, the undersigned need only determine a reasonable amount of attorney's fees to be awarded to Plaintiff.

4

A.     Calculation of Reasonable Attorney's Fees[1]

Attorney Norell has submitted billing records and a declaration (DE 31-1, 31-2) in support of his claim for attorney's fees in the amount of $34,732.50 (DE 31-1, 31-2).

To calculate a reasonable fee, the Court must utilize the "lodestar" method. See Norman v. Hous. Auth. of the City of Montgomery, 836 F.2d 1292 (11th Cir. 1988). In computing the lodestar, the first step is to determine the reasonable hourly rate. A "reasonable hourly rate" has been defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (quoting Norman, 836 F.2d at 1299).[2]  A court is deemed an expert on the issue of hourly

---

[1] Neither Plaintiff nor Defendants have requested a hearing, and the Court concludes that a hearing is not  necessary.  In Norman v. Hous. Auth. of the City of Montgomery, 836 F.2d 1292 (11th Cir. 1988), this Circuit ruled that a hearing on a fee petition is required only "where an evidentiary hearing [is] requested, where there [are] disputes of fact, and where the written record [is] not sufficiently clear to allow the trial court to resolve the disputes of fact. . . ."  Id. at 1303-04.  This Circuit has explained that "[a]n evidentiary hearing is unnecessary for issues about which the district court possesses sufficient expertise: 'Such matters might include the reasonableness of the fee, the reasonableness of the hours and the significance of [the] outcome.'" Thompson v. Pharmacy Corp. of Am., Inc., 334 F.3d 1242, 1245 (11th Cir. 2003) (quoting Norman, 836 F.2d at 1309).  The primary issues presented herein are the reasonableness of counsel's hourly rate and the reasonableness of the number of hours expended, matters over which the Court possesses sufficient expertise.  Moreover, the written record here is sufficiently clear to permit the Court to resolve any fact issues that may exist.

[2] Norman also stated that the following twelve factors set forth by the former Fifth Circuit in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 719 (5th Cir. 1974), are still relevant in establishing an hourly rate: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the attorney's customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with

rates and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Loranger, 10 F.3d at 781 (quoting Norman, 836 F.2d at 1303).

Throughout this litigation, Plaintiff was represented by attorney Robert S. Norell. Attorney Norell seeks an hourly rate of $425. Norell is a 1993 graduate of Nova Southeastern Law School and was admitted to practice law in Florida, as well as in the Southern District of Florida, in 1994. He was admitted to practice in the Middle District of Florida in 2002. He was certified by the Florida Supreme Court as a Circuit Civil Mediator in 2009. He is presently the sole shareholder in the one-lawyer litigation firm of Robert S. Norell, P.A., which he founded in 1996. Attorney Norell represents that he has 24 years of civil trial experience in "employment discrimination, labor and employment law and wage and hour litigation." He represents that over the past 17 years he has handled more than 450 cases similar to the instant action (DE 31-2) and that he has tried numerous employment cases to verdict, as his "current practice is devoted primarily to civil litigation in the area of Fair Labor Standards Act and Florida Statutes Chapter 448 unpaid wage actions, representing mostly plaintiffs against current or former employers" (DE 31-2).

Based upon a review of the record, the qualifications of counsel, the nature of the case and work performed, the objection by Defendants, and the undersigned's knowledge and experience, the undersigned finds that an hourly rate of $350 for attorney Norell is reasonable and in accord with rates charged in the South Florida legal community for this

---

the client; and (12) awards in similar cases. In determining a reasonable hourly rate, the undersigned has considered the applicable Johnson factors.

6

type of case and by lawyers of reasonably comparable skills, experience, and reputation. See Norman, 836 F.2d at 1299, 1303.[3]

Once the hourly rate is set, the Court must determine the reasonable number of hours expended in the litigation. This analysis focuses on the exclusion of hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*." ACLU of Georgia, 168 F.3d at 428 (quoting Norman, 836 F.2d at 1301) (emphasis in original). The burden is on the fee applicant to establish that the time for which compensation is sought was reasonably expended in the litigation. Id. at 428. The fee applicant must provide the court with specific and detailed evidence that will allow it to accurately determine the amount of fees to be awarded. Id. If the fee applicant fails to exercise required billing judgment, then the court must to do so by reducing the number of hours and "pruning out those that are excessive, redundant or otherwise unnecessary." Id.

Here, the undersigned's review of the billing entries has uncovered several instances of duplicative and excessive billing. By way of example, the undersigned's

---

[3] The undersigned notes that there has been no evidence presented that attorney Norell has actually been awarded fees at the requested rate of $425 per hour. He has been awarded $300 per hour in two cases, Munoz v. Kobi Karp Arch & Interior, 2010 WL 2243795, at *6 (S.D. Fla. May 13, 2010), and Roldan v. Pure Air Solutions, Inc., 2010 WL 410571, at *4 (S.D. Fla. Jan. 29, 2010). And he was awarded $325 per hour in Vixama v. 15096 Food Corp., 2009 WL 106668484, at *2 (S. D. Fla. Sept. 11, 2009) (with no opposition). The undersigned is aware that counsel was awarded $395 per hour in Weiler v. Catered Fit Corp., 2017 WL 7731960, at *2 (S. D. Fla. Oct. 13, 2017), however the rate was not objected to in that matter. See also Cardozo v. Mario's Cleaning Services, Corp., 2018 WL 1353141, at *3 (S.D. Fla. Mar. 14, 2018) ($350 per hour found to be reasonable for an attorney with very similar experience); Ortiz v. N.H. Inc., 2017 WL 6343573, at *3 (S. D. Fla. Dec. 12, 2017) ($325 per hour "more than reasonable for an attorney who has practiced in this (FLSA) field for nearly four decades").

review of the billing entries revealed that Plaintiff's counsel charged 1.1 hours (eleven entries) for reviewing documents that he himself prepared and filed through CM/ECF. Counsel also billed approximately 1.9 hours for such administrative tasks as online research of addresses. See Peress v. Wand, M.D., 597 F. Supp.2d 1320, 1326 (S.D. Fla. 2008) (reducing administrative work billed as attorney time from $250 to $100 per hour). Another example of excessive billing involved counsel's deposition preparation. On February 22, 2018, counsel charged 5.5 hours for taking the depositions of Robert and Dawn Knobel; this charge included "additional prep time." Yet, this "additional prep time" was in addition to the 4.0 hours he charged the previous day, February 21, 2018, to prepare for the very same depositions. The depositions were taken in attorney Norell's office. The two depositions commenced on February 22, 2018, at 9:04 a.m. and concluded at 12:40 p.m., with a ten minute break between the two. Therefore, the total deposition time was 3.6 hours, which leaves 1.9 hours as the "additional prep time" incurred the day of the depositions. These 1.9 hours of "additional prep time" would logically have had to have been incurred prior to the start of the first deposition at 9:04 a.m. The undersigned believes that 5.9 hours – 4.0 hours on February 21 and 1.9 hours on February 22 – to prepare for 3.4 hours of deposition testimony in this overtime compensation case is excessive.

The undersigned has also reviewed other billing entries, which appear to reflect excessive time for such matters as: reviewing and re-reviewing documents, preparing form pleadings, reviewing and responding to discovery requests, and examining emails.

The Eleventh Circuit has instructed that "[w]hen a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-

8

hour analysis or it may reduce the requested hours with an across-the-board cut." Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008).   Here, rather that completing a line by line analysis of every billing entry, the undesigned believes that an across-the-board reduction to the (attorney and paralegal) hours requested of 25% is warranted. Accordingly, the undersigned recommends that Plaintiff be awarded attorney's fees for 60.375 hours (80.5 hours reduced by 25%) and paralegal fees for 4.875 hours (6.5 hours reduced by 25%).

Multiplying the reasonable hourly rate(s) by the reasonable number of hours expended, the undersigned recommends that the District Court award attorney's fees of $21,131.25 (60.375 hours multiplied by the hourly rate of $350) and paralegal fees of $390 (4.875 hours multiplied by the hourly rate of $80), for a total fee award of $21,521.25. Furthermore, on the facts of this case, the undersigned concludes that no adjustment to this loadstar amount is warranted.  See Pa. v. Del. Valley Citizens Council I, 478 U.S. 546, 565 (1986) (noting that there is "[a] strong presumption that the loadstar figure represents a 'reasonable' fee.").

      B.      Calculation of Reasonable Costs

As the prevailing party, Plaintiff is entitled to an award of costs pursuant to Rule 54(d)(1).  The particular items that may be taxed as costs are set out in 28 U.S.C. § 1920. As there is no objection to the costs and as they are included in the categories generally awarded, the undersigned recommends a cost award of $1,491.10.  U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 620 (11th Cir. 2000).

IV.     CONCLUSION

Based on the foregoing, the undersigned recommends that Robert S. Norell, P.A.'s Verified Motion for Award of Attorney's Fees and Reasonable Expenses of Litigation (DE 31) be GRANTED in PART.  The total amount of attorney's fees and litigation costs recommended is $23,012.35.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Darrin P. Gayles, United States District Judge.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2017).

DONE AND SUBMITTED in Chambers, Fort Lauderdale, Florida, this 12th of September 2018.

BARRY S. SELTZER
United States Magistrate Judge

Copies via CM/ECF to:

Honorable Darrin P. Gayles
United States District Judge

All counsel of record